**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| VANDA PHARMACEUTICALS INC.,<br><br>Plaintiff,<br><br>v.<br><br>AUROBINDO PHARMA LIMITED,<br>AUROBINDO PHARMA U.S.A.,<br>INC., and AUROLIFE PHARMA LLC,<br><br>Defendants. | C.A. No. _____ |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Vanda Pharmaceuticals Inc. (Vanda) brings this Complaint for Patent Infringement of U.S. Patent Nos. 11,285,129, 11,850,229, 11,918,556, 10,610,510, 10,980,770, 10,071,977, 11,566,011, 11,760,740, and 12,049,457 (together, the Asserted Patents) against Defendants Aurobindo Pharma Limited, Aurobindo Pharma U.S.A., Inc., and Aurolife Pharma LLC (collectively, Aurobindo) related to Aurobindo's filing of Abbreviated New Drug Application No. 221356 (Aurobindo's ANDA) for approval of a generic version of Vanda's HETLIOZ® (tasimelteon) 20 mg oral capsules (Aurobindo's ANDA Product), as well as the anticipated future commercial manufacture, use, importation, marketing, sale, and offer for sale of Aurobindo's ANDA Product. Vanda alleges as follows:

**THE PARTIES**

1.      Plaintiff Vanda Pharmaceuticals Inc. is a global biopharmaceutical company focused on the development and commercialization of innovative therapies to address high-priority unmet medical needs and to improve the lives of patients. Vanda is incorporated in Delaware and maintains its principal place of business in Washington, D.C.

1

2.      On information and belief, Defendant Aurobindo Pharma Limited (Aurobindo Pharma) is an entity organized and existing under the laws of India, having a principal place of business at Galaxy Floors: 22–24, Plot No. 1, Survey No. 83/1, Hyderabad Knowledge City, Raidurg Panmaktha, Rangareddy District, Hyderabad, Telangana, India 500032.

3.      On information and belief, Defendant Aurobindo Pharma U.S.A., Inc. (Aurobindo Pharma USA) is incorporated in Delaware, having its principal place of business at 279 Princeton Hightstown Road, East Windsor, New Jersey 08520.

4.      On information and belief, Defendant Aurolife Pharma LLC (Aurolife) is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 279 Princeton Hightstown Road, East Windsor, New Jersey 08520.

5.      On information and belief, Aurobindo Pharma, Aurobindo Pharma USA, and Aurolife are generic pharmaceutical companies that distribute and sell generic pharmaceutical products in the State of Delaware and throughout the United States that are manufactured by Aurobindo Pharma.

6.      On information and belief, Aurobindo Pharma, Aurobindo Pharma USA, and Aurolife acted in concert with one another in preparing and submitting Aurobindo's ANDA.

7.      On information and belief, Aurobindo Pharma, Aurobindo Pharma USA, and Aurolife will work, in concert with one another to make, use, offer for sale, import, and/or sell Aurobindo's ANDA Product in the United States, including in this District.

## JURISDICTION AND VENUE

8.      The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 at least because this action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, including at least 35 U.S.C. § 271(e)(2)(A).

9.      The Court has personal jurisdiction over Aurobindo Pharma USA and Aurolife by virtue of those entities' incorporation in the State of Delaware. Further, each Defendant's affiliations with the State of Delaware are so continuous and systematic as to render each Defendant essentially at home in this forum. Aurobindo Pharma is a foreign defendant that is not subject to jurisdiction in any state's courts of general jurisdiction, making this Court a proper venue for personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2).

10.     The Court also has personal jurisdiction over each Defendant because, among other things: (1) each Defendant, by acting in concert to prepare and file Aurobindo's ANDA, has sought approval to market and sell a generic version of Vanda's HETLIOZ® in this district, and (2) each Defendant will imminently commit, aid, abet, contribute to, or participate in the commission of a tortious act of patent infringement by making, using, offering to sell, or selling Aurobindo's ANDA Product throughout the United States and in this District.

11.     The Court also has personal jurisdiction over each Defendant because, among other things, each Defendant has purposefully availed itself of the rights and benefits of Delaware law by engaging in systematic and continuous contacts with Delaware. On information and belief, each Defendant regularly and continuously transacts business within Delaware, including by selling pharmaceutical products in Delaware, either on its own or through its affiliates. On information and belief, each Defendant derives substantial revenue from the sale of those products in Delaware and has availed itself of the privilege of conducting business in Delaware.

12.     The Court also has personal jurisdiction over each Defendant because each Defendant has frequently availed itself of the legal protections of the State of Delaware, by, among other things, filing suit in and asserting counterclaims in lawsuits filed in the United States District Court for the District of Delaware. *See, e.g.*, *Aurobindo Pharma Ltd. v. Azurity Pharms. Inc., et al.*, C.A.

3

No. 26-00265 (D. Del.), D.I. 1; *Viiv Healthcare Co., et al. v. Aurobindo Pharma Ltd., et al.*, C.A. No. 25-01331-GBW (D. Del.), D.I. 13; *Astellas Pharma Inc., et al. v. Aurobindo Pharma Ltd., et al.*, C.A. No. 16-00942 (D. Del.), D.I. 22.

13. For these reasons, and for other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over each Defendant.

14. Venue is appropriate in this district with regard to Vanda's claims against Aurobindo Pharma USA and Aurolife under 28 U.S.C. §§ 1391 and 1400(b), at least because Aurobindo Pharma USA and Aurolife are incorporated in Delaware and thus reside in this District. In addition, venue is appropriate in this district with regard to Vanda's claims against Aurobindo Pharma under 28 U.S.C. § 1391(b)(3), at least because Aurobindo Pharma (1) is a foreign defendant that may be sued in any judicial district; (2) has previously consented to venue in this district, *e.g.*, *Aurobindo Pharma Ltd. v. Azurity Pharms. Inc., et al.*, C.A. No. 26-00265 (D. Del.), D.I. 1; *Viiv Healthcare Co., et al. v. Aurobindo Pharma Ltd., et al.*, C.A. No. 25-01331-GBW (D. Del.), D.I. 13; *Astellas Pharma Inc., et al. v. Aurobindo Pharma Ltd., et al.*, C.A. No. 16-00942 (D. Del.), D.I. 22; and (3) on information and belief, is preparing to directly or indirectly market and sell Aurobindo's ANDA Product in this district.

## BACKGROUND

### A. Vanda and HETLIOZ®

15. Vanda is an innovative pharmaceutical company that acquired HETLIOZ® (tasimelteon) from a large pharmaceutical company that tried, but failed, to develop it into a useful FDA-approvable therapy.

16. Under Vanda's stewardship, and after devoting years and many millions of dollars to research, development, and regulatory processes, HETLIOZ® became the first FDA-approved

therapy to treat two rare, orphan disorders: Non-24-Hour Sleep-Wake Disorder (Non-24) and nighttime sleep disturbances in Smith-Magenis Syndrome in patients 16 years or older.

17.    Vanda holds approved New Drug Application (NDA) No. 205677 for HETLIOZ® (tasimelteon) capsules, 20 mg, approved by the FDA on January 31, 2014, for the treatment of Non-24.

18.    A copy of the HETLIOZ® Prescribing Information, Revised January 2024 is attached as **Exhibit A** (HETLIOZ® Label).

19.    HETLIOZ® contains the active compound tasimelteon and is available in a 20 mg strength.

20.    The Asserted Patents are listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations (the Orange Book) in connection with NDA No. 205677 as covering HETLIOZ®.

21.    HETLIOZ® is covered by one or more claims of the Asserted Patents.

**B.  Aurobindo's ANDA and Notice Letter**

22.     On or around March 31, 2026, Vanda received a letter sent on behalf of Aurobindo informing Vanda that the FDA received Aurobindo's ANDA along with a paragraph IV certification for 28 of the patents listed in the Orange Book in connection with NDA No. 205677 (the Notice Letter).

23.    Aurobindo attached to the Notice Letter what it purports to be a statement of detailed factual and legal bases for its paragraph IV certification that 28 of the Orange Book-listed patents are invalid, unenforceable, and/or not infringed (the Statement).

24.    On information and belief, Aurobindo submitted Aurobindo's ANDA to obtain FDA approval to market Aurobindo's ANDA Product, a tasimelteon (20 mg) capsule, for treatment of Non-24.

25.     On information and belief, Aurobindo has represented to the FDA that Aurobindo's ANDA Product is bioequivalent to HETLIOZ®.

## THE ASSERTED PATENTS AND AUROBINDO'S INFRINGEMENT

### A.  The Beta Blocker Interaction Patents

26.     On March 29, 2022, U.S. Patent No. 11,285,129 (the '129 patent), titled "Treatment of Circadian Rhythm Disorders," was duly and legally issued by the United States Patent & Trademark Office (USPTO). A copy of the '129 patent is attached as **Exhibit B**.

27.     On December 26, 2023, U.S. Patent No. 11,850,229 (the '229 patent), titled "Treatment of Circadian Rhythm Disorders," was duly and legally issued by the USPTO. A copy of the '229 patent is attached as **Exhibit C**.

28.     On March 5, 2024, U.S. Patent No. 11,918,556 (the '556 patent), titled "Treatment of Circadian Rhythm Disorders," was duly and legally issued by the USPTO. A copy of the '556 patent is attached as **Exhibit D**.

29.     Vanda is the assignee of, and owns all rights, title, and interest in, the '129 patent, the '229 patent, and the '556 patent (together, the Beta Blocker Interaction Patents).

30.     The Beta Blocker Interaction Patents name Marlene Michelle Dressman, John Joseph Feeney, Louis William Licamele, and Mihael H. Polymeropoulos as inventors.

31.     The Orange Book lists the expiration dates of the '129 patent and the '229 patent as January 25, 2033. The Orange Book lists the expiration date for the '556 patent as April 7, 2033.

32.     The Beta Blocker Interaction Patents generally relate to methods of administering tasimelteon to a patient and the interaction between tasimelteon and beta-adrenergic receptor antagonists (beta blockers).

33.     Prior to the disclosure in the Beta Blocker Interaction Patents, no publicly available information supported by scientific studies described the relationship between administration of

6

beta blockers and administration of tasimelteon.

34.    Under Section 505(j)(2)(A)(v) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(v), the proposed prescribing information of Aurobindo's ANDA Product (Aurobindo's Label) is required to substantively copy the HETLIOZ® Label.

35.    Section 1.1 of the HETLIOZ® Label states that HETLIOZ® is indicated for the treatment of Non-24, which is a circadian rhythm disorder.

36.    Section 2.2 of the HETLIOZ® Label further instructs physicians that "[t]he recommended dosage of HETLIOZ capsules in adults is 20 mg one hour before bedtime, at the same time every night."

37.    Section 7.3 of the HETLIOZ® Label warns that "[b]eta-adrenergic receptor antagonists have been shown to reduce the production of melatonin via specific inhibition of beta-1 adrenergic receptors. Nighttime administration of beta-adrenergic receptor antagonists may reduce the efficacy of HETLIOZ."

38.    Notably, Section 17 of the HETLIOZ® Label, which is titled "Patient Counseling Information" recommends that prescribers "[a]dvise patients that because of individual differences in circadian rhythms, daily use for several weeks or months may be necessary before benefit from HETLIOZ is observed."

39.    Section 11 of the HETLIOZ® Label identifies tasimelteon as being the active ingredient in HETLIOZ®.

40.    On information and belief, Aurobindo's Label will be substantially identical to the HETLIOZ® Label and copy Sections 1.1, 2.2, 7.3, 11, and 17 of the HETLIOZ® Label.

41.     By marketing, selling, or offering for sale Aurobindo's ANDA Product with Aurobindo's Label, Aurobindo will indirectly infringe at least claim 1 of each of the Beta Blocker Interaction Patents.

42.     Beta-adrenergic receptor antagonists are widely prescribed for various clinical indications, including for the treatment of cardiovascular diseases and other conditions.

43.     On information and belief, Sections 7.3 and 17 of Aurobindo's Label would encourage prescribers to determine whether a patient is taking beta blockers before administering Aurobindo's ANDA Product. Based on the warning included in Sections 7.3 and 17, if it were determined that a patient was taking beta blockers, prescribers would instruct a patient to cease or discontinue using beta blockers prior to administering Aurobindo's ANDA Product, which comprises tasimelteon, to a patient.

44.     On information and belief, in marketing and selling Aurobindo's ANDA Product, Aurobindo will include prescribing information that is identical to Sections 1.1, 2.2, 7.3, 11, and 17 of the currently approved HETLIOZ® Label as described above.

## B.  The Smoker Method of Treatment Patents

45.     On April 7, 2020, U.S. Patent No. 10,610,510 (the '510 patent), titled "Treatment of Circadian Rhythm Disorders," was duly and legally issued by the USPTO. A copy of the '510 patent is attached as **Exhibit E**.

46.     On April 20, 2021, U.S. Patent No. 10,980,770 (the '770 patent), titled "Treatment of Circadian Rhythm Disorders," was duly and legally issued by the USPTO. A copy of the '770 patent is attached as **Exhibit F**.

47.     Vanda is the assignee of, and owns all rights, title, and interest in the '510 patent and the '770 patent (together, the Smoker MOT Patents).

48. The Smoker MOT Patents name Marlene Michelle Dressman, John Joseph Feeney, Louis William Licamele, and Mihael H. Polymeropoulos as inventors.

49. The Orange Book lists the expiration dates of the Smoker MOT Patents as January 25, 2033.

50. The Smoker MOT Patents generally relate to methods of administration to avoid the harmful impact smoking has on the metabolism of tasimelteon. The '770 patent also involves methods of treatment devised to avoid the harmful effects caused by coadministration of tasimelteon with a CYP1A2 inhibitor.

51. Prior to the disclosure of the Smoker MOT Patents, no publicly available information supported by scientific studies described the effect of smoking on the administration of tasimelteon. Similarly, no publicly available information supported by scientific studies described the effect that coadministration with a CYP1A2 inhibitor would have on an oral tasimelteon therapy.

52. Under Section 505(j)(2)(A)(v) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(v), the proposed prescribing information of Aurobindo's ANDA Label is required to substantively copy the HETLIOZ® Label.

53. Section 1.1 of the HETLIOZ® Label states that HETLIOZ® is indicated for the treatment of Non-24, which is a circadian rhythm disorder.

54. Section 2.2 of the HETLIOZ® Label further instructs physicians that "[t]he recommended dosage of HETLIOZ capsules in adults is 20 mg one hour before bedtime, at the same time every night."

55.    Section 7.1 of the HETLIOZ® Label instructs that "use of HETLIOZ in combination with fluvoxamine or other strong CYP1A2 inhibitors" should be avoided "because of a potentially large increase in tasimelteon exposure and greater risk of adverse reactions."

56.    Section 8.7 of the HETLIOZ® Label warns that "[s]moking causes induction of CYP1A2 levels. The exposure of tasimelteon in smokers was lower than in non-smokers and therefore the efficacy of HETLIOZ may be reduced in smokers."

57.    Notably, Section 17 of the HETLIOZ® Label, which is titled "Patient Counseling Information" recommends that prescribers "[a]dvise patients that because of individual differences in circadian rhythms, daily use for several weeks or months may be necessary before benefit from HETLIOZ is observed."

58.    Section 11 of the HETLIOZ® Label identifies tasimelteon as being the active ingredient in HETLIOZ®.

59.    On information and belief, Aurobindo's Label will be substantially identical to the HETLIOZ® Label and copy Sections 1.1., 2.2, 7.1, 8.7, 11, and 17 of the HETLIOZ® Label.

60.    By marketing, selling, or offering for sale Aurobindo's ANDA Product with Aurobindo's Label, Aurobindo will indirectly infringe at least claim 1 of each of the Smoker MOT Patents.

61.    On information and belief, Sections 8.7 and 17 of Aurobindo's Label would encourage prescribers to determine whether a patient is a smoker before administering Aurobindo's ANDA Product. Based on the warning included in Sections 8.7 and 17, if a patient were determined to be a smoker, prescribers would instruct the patient to cease or reduce smoking prior to administering Aurobindo's ANDA Product, which comprises tasimelteon, to the patient. On information and belief, Sections 7.1 of Aurobindo's Label would encourage prescribers to determine

10

whether a patient is taking a CYP1A2 inhibitor before administering Aurobindo's ANDA Product. Based on the warning included in Sections 7.1 and 17, if a patient were determined to be taking a CYP1A2 inhibitor, prescribers would instruct the patient to discontinue use of the CYP1A2 inhibitor prior to administering Aurobindo's ANDA Product to the patient.

62.     On information and belief, in marketing and selling Aurobindo's ANDA Product, Aurobindo will include prescribing information that is identical to Sections 1.1, 2.2, 7.1, 8.7, 11, and 17 of the currently approved HETLIOZ® Label as described above.

## C.  The High Purity Patents

63.     On September 11, 2018, U.S. Patent No. 10,071,977 (the '977 patent), titled "Highly Purified Pharmaceutical Grade Tasimelteon," was duly and legally issued by the USPTO. A copy of the '977 patent is attached as **Exhibit G**.

64.     On January 31, 2023, U.S. Patent No. 11,566,011 (the '011 patent), titled "Highly Purified Pharmaceutical Grade Tasimelteon," was duly and legally issued by the USPTO. A copy of the '011 patent is attached as **Exhibit H**.

65.     On September 19, 2023, U.S. Patent No. 11,760,740 (the '740 patent), titled "Highly Purified Pharmaceutical Grade Tasimelteon," was duly and legally issued by the USPTO. A copy of the '740 patent is attached as **Exhibit I**.

66.     On July 30, 2024, U.S. Patent No. 12,049,457 (the '457 patent), titled "Highly Purified Pharmaceutical Grade Tasimelteon," was duly and legally issued by the USPTO. A copy of the '457 patent is attached as **Exhibit J**.

67.     Vanda is the assignee of, and owns all rights, title, and interest in the '977 patent, the '011 patent, the '740 patent, and the '457 patent (together, the High Purity Patents).

68.     The High Purity Patents name Deepak Phadke, Natalie M. Platt, and Ravi K. Pandrapragada as inventors.

69.     The Orange Book lists the expiration dates of the High Purity Patents as February 12, 2035.

70.     The High Purity Patents generally relate to tasimelteon active pharmaceutical ingredient (API) with certain limits as to specific impurities, pharmaceutical compositions with certain limits as to specific impurities, and the processes to prepare such APIs and pharmaceutical compositions.

71.     Aurobindo's Notice Letter and Statement fail to identify any claim limitations in, at least, claim 24 of the '977 patent, claim 4 of the '011 patent, claim 1 of the '740 patent, and claim 1 of the '457 patent that it will not infringe if it engages in the commercial manufacture and sale of its ANDA Product. Accordingly, Aurobindo does not provide any factual basis why it will not infringe at least one claim of each of the High Purity Patents.

72.     On information and belief, because Aurobindo's ANDA Product is bioequivalent to HETLIOZ®, Aurobindo's ANDA Product is a pharmaceutical composition comprised of tasimelteon as the active pharmaceutical ingredient (Aurobindo's API).

73.     On information and belief, Aurobindo's ANDA Product contains at least one pharmaceutically acceptable excipient.

74.     On information and belief, Aurobindo's ANDA Product contains no more than about 0.15 % of any one of N-((((1R,2R)-2-(2,3-dihydrobenzofuran-4-yl)cyclopropyl)methyl)-3-methylbutanamide (Impurity 1), N-((((1R,2R)-2-(2,3-dihydrobenzofuran-4-yl)cyclopropyl)methyl)-pentanamide (Impurity 2), 1,3-Bis(((1R,2R)-2-(2,3-dihydrobenzofuran-4-yl)cyclopropyl)methyl)urea (Impurity 3), N-((((1R,2R)-2-(benzofuran-4-yl)cyclopropyl)methyl)propionamide (Impurity 4), N-((2-(2,3-dihydrobenzofuran-4-yl)-1-((2-(2,3-dihydrobenzofuran-4-yl)cyclopropyl) (propionamido)methyl) cyclopropyl)methyl)propionamide (Impurity 5), 2-hydroxy-6-(2-

(propionamidomethyl)cyclopropyl)phenethyl 2-(2-hydroxyethyl)-3-(2-(propionamidomethyl)cy-clopropyl)phenyl carbonate (Impurity 6), or N-((((1R,2R)-2-(3-Oxo-2,3-dihydrobenzofuran-4-yl)cyclopropyl)methyl) propionamide (Impurity 7). Alternatively, on information and belief, Aurobindo's ANDA Product has a composition that is equivalent to a composition containing no more than about 0.15% of Impurities 1–7.

75.    On information and belief, Aurobindo's ANDA Product is substantially free of Impurity 5. Alternatively, on information and belief, Aurobindo's ANDA Product has a composition that is equivalent to a composition that is substantially free of Impurity 5.

76.    On information and belief, Aurobindo's ANDA Product contains no more than about 0.15 wt % of Impurity 5. Alternatively, on information and belief, Aurobindo's ANDA Product has a composition that is equivalent to a composition that contains no more than about 0.15 wt % of Impurity 5.

77.    On information and belief, Aurobindo's ANDA Product is prepared by a process that comprises the steps of:

    a.  contacting and reacting (1R,2R)-2-(2,3-dihydrobenzofuran-4-yl) cyclopropane carboxamide with a reducing agent followed by contacting the reaction product thereof with an acid in an organic solvent to prepare ((1R,2R)-2-(2,3-dihydro-benzofuran-4-yl)cyclopropyl) methanamine or a salt thereof; and

    b.  contacting and reacting the ((1R,2R)-2-(2,3-dihydrobenzofuran-4-yl)cyclopro-pyl)methanamine with a propionylating reagent to prepare tasimelteon.

Alternatively, on information and belief, Aurobindo's ANDA Product is prepared by a process that is equivalent to the process recited in claim 1 of the '740 patent and claim 1 of the '457 patent.

## CLAIMS FOR RELIEF

### COUNT I
### (Infringement of U.S. Patent No. 11,285,129)

78.     Vanda realleges and incorporates by reference the allegations contained in the preceding paragraphs as though set forth fully herein.

79.     On information and belief, Aurobindo has infringed the '129 patent, pursuant to 35 U.S.C. § 271(e)(2), including at least claim 1, by submitting Aurobindo's ANDA, by which Aurobindo seeks approval from the FDA to engage in the commercial manufacture, use, offer for sale, sale, or importation in the United States of Aurobindo's ANDA Product prior to the expiration of the '129 patent. On information and belief, Sections 7.3 and 17 of Aurobindo's Label would encourage prescribers of Aurobindo's ANDA Product to instruct patients to cease treatment with beta blockers prior to administering Aurobindo's ANDA Product.

80.     On information and belief, if Aurobindo markets its ANDA Product, Aurobindo will, through the manufacture, use, importation, offer for sale, and/or sale of Aurobindo's ANDA Product, contributorily infringe and/or induce infringement of at least one claim of the '129 patent, under 35 U.S.C. § 271, either literally or under the doctrine of equivalents.

81.     On information and belief, Aurobindo's Label will instruct and encourage prescribers to practice the claimed methods of the '129 patent.

82.     On information and belief, if Aurobindo's ANDA Product is sold, marketed, distributed, and/or imported in the United States, Aurobindo knows and intends that prescribers, physicians, healthcare professionals, and/or patients will prescribe, administer, and/or use Aurobindo's ANDA Product according to Aurobindo's instructions and/or Aurobindo's Label in an infringing manner, and will therefore induce infringement of one or more claims of the '129 patent with the requisite intent under 35 U.S.C. § 271(b).

14

83.     On information and belief, if Aurobindo's ANDA Product is sold, marketed, distributed, and/or imported in the United States, Aurobindo will sell or offer to sell generic tasimelteon 20 mg capsules with accompanying instructions and/or Aurobindo's Label in an infringing manner because Aurobindo's ANDA Product is a material part of the claimed invention, and Aurobindo knows that physicians will prescribe, healthcare providers will administer, and/or patients will use Aurobindo's ANDA Product in accordance with the accompanying instructions and/or Aurobindo's Label, and such use will directly infringe one or more claims of the '129 patent. Moreover, tasimelteon 20 mg capsules are not a staple article or commodity of commerce suitable for substantial non-infringing use. On information and belief, Aurobindo will thus contribute to the infringement of one or more claims of the '129 patent under 35 U.S.C. § 271(c).

84.     If Aurobindo's marketing and sale of Aurobindo's ANDA Product prior to the expiration of the '129 patent is not enjoined, Vanda will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT II
### (Infringement of U.S. Patent No. 11,850,229)

85.     Vanda realleges and incorporates by reference the allegations contained in the preceding paragraphs as though set forth fully herein.

86.     On information and belief, Aurobindo has infringed the '229 patent, pursuant to 35 U.S.C. § 271(e)(2), including at least claim 1, by submitting Aurobindo's ANDA, by which Aurobindo seeks approval from the FDA to engage in the commercial manufacture, use, offer for sale, sale, or importation in the United States of Aurobindo's ANDA Product prior to the expiration of the '229 patent. On information and belief, Sections 7.3 and 17 of Aurobindo's Label would encourage prescribers of Aurobindo's ANDA Product to have their patients discontinue treatment with beta blockers prior to administering Aurobindo's ANDA Product.

87.     On information and belief, if Aurobindo markets its ANDA Product, Aurobindo will, through the manufacture, use, importation, offer for sale, and/or sale of Aurobindo's ANDA Product, contributorily infringe and/or induce infringement of at least one claim of the '229 patent, under 35 U.S.C. § 271, either literally or under the doctrine of equivalents.

88.     On information and belief, Aurobindo's Label will instruct and encourage prescribers to practice the claimed methods of the '229 patent.

89.     On information and belief, if Aurobindo's ANDA Product is sold, marketed, distributed, and/or imported in the United States, Aurobindo knows and intends that prescribers, physicians, healthcare professionals, and/or patients will prescribe, administer, and/or use Aurobindo's ANDA Product according to Aurobindo's instructions and/or Aurobindo's Label in an infringing manner, and will therefore induce infringement of one or more claims of the '229 patent with the requisite intent under 35 U.S.C. § 271(b).

90.     On information and belief, if Aurobindo's ANDA Product is sold, marketed, distributed, and/or imported in the United States, Aurobindo will sell or offer to sell generic tasimelteon 20 mg capsules with accompanying instructions and/or Aurobindo's Label in an infringing manner because Aurobindo's ANDA Product is a material part of the claimed invention, and Aurobindo knows that physicians will prescribe, healthcare providers will administer, and/or patients will use Aurobindo's ANDA Product in accordance with the accompanying instructions and/or Aurobindo's Label, and such use will directly infringe one or more claims of the '229 patent. Moreover, tasimelteon 20 mg capsules are not a staple article or commodity of commerce suitable for substantial non-infringing use. On information and belief, Aurobindo will thus contribute to the infringement of one or more claims of the '229 patent under 35 U.S.C. § 271(c).

16

91.     If Aurobindo's marketing and sale of Aurobindo's ANDA Product prior to the expiration of the '229 patent is not enjoined, Vanda will suffer substantial and irreparable harm for which there is no adequate remedy at law.

**COUNT III**
**(Infringement of U.S. Patent No. 11,918,556)**

92.     Vanda realleges and incorporates by reference the allegations contained in the preceding paragraphs as though set forth fully herein.

93.     On information and belief, Aurobindo has infringed the '556 patent, pursuant to 35 U.S.C. § 271(e)(2), including at least claim 1, by submitting Aurobindo's ANDA, by which Aurobindo seeks approval from the FDA to engage in the commercial manufacture, use, offer for sale, sale, or importation in the United States of Aurobindo's ANDA Product prior to the expiration of the '556 patent. On information and belief, Sections 7.3 and 17 of Aurobindo's Label would encourage prescribers of Aurobindo's ANDA Product to have their patients discontinue treatment with beta blockers prior to administering Aurobindo's ANDA Product.

94.     On information and belief, if Aurobindo markets its ANDA Product, Aurobindo will, through the manufacture, use, importation, offer for sale, and/or sale of Aurobindo's ANDA Product, contributorily infringe and/or induce infringement of at least one claim of the '556 patent, under 35 U.S.C. § 271, either literally or under the doctrine of equivalents.

95.     On information and belief, Aurobindo's Label will instruct and encourage prescribers to practice the claimed methods of the '556 patent.

96.     On information and belief, if Aurobindo's ANDA Product is sold, marketed, distributed, and/or imported in the United States, Aurobindo knows and intends that prescribers, physicians, healthcare professionals, and/or patients will prescribe, administer, and/or use Aurobindo's ANDA Product according to Aurobindo's instructions and/or Aurobindo's Label in an

infringing manner, and will therefore induce infringement of one or more claims of the '556 patent with the requisite intent under 35 U.S.C. § 271(b).

97. On information and belief, if Aurobindo's ANDA Product is sold, marketed, distributed, and/or imported in the United States, Aurobindo will sell or offer to sell generic tasimelteon 20 mg capsules with accompanying instructions and/or Aurobindo's Label in an infringing manner because Aurobindo's ANDA Product is a material part of the claimed invention, and Aurobindo knows that physicians will prescribe, healthcare providers will administer, and/or patients will use Aurobindo's ANDA Product in accordance with the accompanying instructions and/or Aurobindo's Label, and such use will directly infringe one or more claims of the '556 patent. Moreover, tasimelteon 20 mg capsules are not a staple article or commodity of commerce suitable for substantial non-infringing use. On information and belief, Aurobindo will thus contribute to the infringement of one or more claims of the '556 patent under 35 U.S.C. § 271(c).

98. If Aurobindo's marketing and sale of Aurobindo's ANDA Product prior to the expiration of the '556 patent is not enjoined, Vanda will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT IV
### (Infringement of U.S. Patent No. 10,610,510)

99. Vanda realleges and incorporates by reference the allegations contained in the preceding paragraphs as though set forth fully herein.

100. On information and belief, Aurobindo has infringed the '510 patent, pursuant to 35 U.S.C. § 271(e)(2), including at least claim 1, by submitting Aurobindo's ANDA, by which Aurobindo seeks approval from the FDA to engage in the commercial manufacture, use, offer for sale, sale, or importation in the United States of Aurobindo's ANDA Product prior to the expiration of the '510 patent. On information and belief, Sections 8.7 and 17 of Aurobindo's Label would

encourage prescribers of Aurobindo's ANDA Product to instruct their patients to cease or reduce smoking prior to administering Aurobindo's ANDA Product.

101.    On information and belief, if Aurobindo markets its ANDA Product, Aurobindo will, through the manufacture, use, importation, offer for sale, and/or sale of Aurobindo's ANDA Product, contributorily infringe and/or induce infringement of at least one claim of the '510 patent, under 35 U.S.C. § 271, either literally or under the doctrine of equivalents.

102.    On information and belief, Aurobindo's Label will instruct and encourage prescribers to practice the claimed methods of the '510 patent.

103.    On information and belief, if Aurobindo's ANDA Product is sold, marketed, distributed, and/or imported in the United States, Aurobindo knows and intends that prescribers, physicians, healthcare professionals, and/or patients will prescribe, administer, and/or use Aurobindo's ANDA Product according to Aurobindo's instructions and/or Aurobindo's Label in an infringing manner, and will therefore induce infringement of one or more claims of the '510 patent with the requisite intent under 35 U.S.C. § 271(b).

104.    On information and belief, if Aurobindo's ANDA Product is sold, marketed, distributed, and/or imported in the United States, Aurobindo will sell or offer to sell generic tasimelteon 20 mg capsules with accompanying instructions and/or Aurobindo's Label in an infringing manner because Aurobindo's ANDA Product is a material part of the claimed invention, and Aurobindo knows that physicians will prescribe, healthcare providers will administer, and/or patients will use Aurobindo's ANDA Product in accordance with the accompanying instructions and/or Aurobindo's Label, and such use will directly infringe one or more claims of the '510 patent. Moreover, tasimelteon 20 mg capsules are not a staple article or commodity of commerce

19

suitable for substantial non-infringing use. On information and belief, Aurobindo will thus contribute to the infringement of one or more claims of the '510 patent under 35 U.S.C. § 271(c).

105.    If Aurobindo's marketing and sale of Aurobindo's ANDA Product prior to the expiration of the '510 patent is not enjoined, Vanda will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT V
### (Infringement of U.S. Patent No. 10,980,770)

106.    Vanda realleges and incorporates by reference the allegations contained in the preceding paragraphs as though set forth fully herein.

107.    On information and belief, Aurobindo has infringed the '770 patent, pursuant to 35 U.S.C. § 271(e)(2), including at least claim 1, by submitting Aurobindo's ANDA, by which Aurobindo seeks approval from the FDA to engage in the commercial manufacture, use, offer for sale, sale, or importation in the United States of Aurobindo's ANDA Product prior to the expiration of the '770 patent. On information and belief, Sections 8.7 and 17 of Aurobindo's Label would encourage prescribers of Aurobindo's ANDA Product to instruct their patients to cease or reduce smoking prior to administering Aurobindo's ANDA Product. On information and belief, Section 7.1 of Aurobindo's Label would encourage prescribers of Aurobindo's ANDA Product to have their patients discontinue use of CYP1A2 inhibitors prior to administering Aurobindo's ANDA Product.

108.    On information and belief, if Aurobindo markets its ANDA Product, Aurobindo will, through the manufacture, use, importation, offer for sale, and/or sale of Aurobindo's ANDA Product, contributorily infringe and/or induce infringement of at least one claim of the '770 patent, under 35 U.S.C. § 271, either literally or under the doctrine of equivalents.

109.    On information and belief, Aurobindo's Label will instruct and encourage prescribers to practice the claimed methods of the '770 patent.

110.    On information and belief, if Aurobindo's ANDA Product is sold, marketed, distributed, and/or imported in the United States, Aurobindo knows and intends that prescribers, physicians, healthcare professionals, and/or patients will prescribe, administer, and/or use Aurobindo's ANDA Product according to Aurobindo's instructions and/or Aurobindo's Label in an infringing manner, and will therefore induce infringement of one or more claims of the '770 patent with the requisite intent under 35 U.S.C. § 271(b).

111.    On information and belief, if Aurobindo's ANDA Product is sold, marketed, distributed, and/or imported in the United States, Aurobindo will sell or offer to sell generic tasimelteon 20 mg capsules with accompanying instructions and/or Aurobindo's Label in an infringing manner because Aurobindo's ANDA Product is a material part of the claimed invention, and Aurobindo knows that physicians will prescribe, healthcare providers will administer, and/or patients will use Aurobindo's ANDA Product in accordance with the accompanying instructions and/or Aurobindo's Label, and such use will directly infringe one or more claims of the '770 patent. Moreover, tasimelteon 20 mg capsules are not a staple article or commodity of commerce suitable for substantial non-infringing use. On information and belief, Aurobindo will thus contribute to the infringement of one or more claims of the '770 patent under 35 U.S.C. § 271(c).

112.    If Aurobindo's marketing and sale of Aurobindo's ANDA Product prior to the expiration of the '770 patent is not enjoined, Vanda will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT VI
### (Infringement of U.S. Patent No. 10,071,977)

113.    Vanda realleges and incorporates by reference the allegations contained in the preceding paragraphs as though set forth fully herein.

114.    On information and belief, Aurobindo has infringed the '977 patent, pursuant to 35 U.S.C. § 271(e)(2), including at least claim 24, by submitting Aurobindo's ANDA, by which Aurobindo seeks approval from the FDA to engage in the commercial manufacture, use, offer for sale, sale, or importation in the United States of Aurobindo's ANDA Product prior to the expiration of the '977 patent. On information and belief, Aurobindo's ANDA Product is comprised of purified tasimelteon that does not contain any of Impurities 1–7 at a concentration greater than about 0.15%.

115.    On information and belief, if Aurobindo markets its ANDA Product, Aurobindo will, through the manufacture, use, importation, offer for sale, and/or sale of Aurobindo's ANDA Product, directly infringe at least one claim of the '977 patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

116.    On information and belief, Aurobindo will, through the use, importation, offer for sale, and/or sale of Aurobindo's API, directly infringe at least one claim of the '977 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

117.    If Aurobindo's marketing and sale of Aurobindo's ANDA Product prior to the expiration of the '977 patent is not enjoined, Vanda will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT VII
### (Infringement of U.S. Patent No. 11,566,011)

118.    Vanda realleges and incorporates by reference the allegations contained in the preceding paragraphs as though set forth fully herein.

119.    On information and belief, Aurobindo has infringed the '011 patent, pursuant to 35 U.S.C. § 271(e)(2), including at least claim 4, by submitting Aurobindo's ANDA, by which Aurobindo seeks approval from the FDA to engage in the commercial manufacture, use, offer for sale, sale, or importation in the United States of Aurobindo's ANDA Product prior to the expiration of the '011 patent. On information and belief, Aurobindo's ANDA Product is a pharmaceutical composition comprising at least one pharmaceutically acceptable excipient and purified tasimelteon that does not contain any of Impurities 1–7 at a concentration greater than about 0.15%.

120.    On information and belief, if Aurobindo markets its ANDA Product, Aurobindo will, through the manufacture, use, importation, offer for sale, and/or sale of Aurobindo's ANDA Product, directly infringe at least one claim of the '011 patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

121.    On information and belief, Aurobindo will, through the use, importation, offer for sale, and/or sale of Aurobindo's API, directly infringe at least one claim of the '011 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

122.    If Aurobindo's marketing and sale of Aurobindo's ANDA Product prior to the expiration of the '011 patent is not enjoined, Vanda will suffer substantial and irreparable harm for which there is no adequate remedy at law.

**COUNT VIII**
**(Infringement of U.S. Patent No. 11,760,740)**

123.    Vanda realleges and incorporates by reference the allegations contained in the preceding paragraphs as though set forth fully herein.

124.    On information and belief, Aurobindo has infringed the '740 patent, pursuant to 35 U.S.C. § 271(e)(2), including at least claim 1, by submitting Aurobindo's ANDA, by which

Aurobindo seeks approval from the FDA to engage in the commercial manufacture, use, offer for sale, sale, or importation in the United States of Aurobindo's ANDA Product prior to the expiration of the '740 patent. On information and belief, Aurobindo's ANDA Product is a composition comprising tasimelteon that is prepared by the process steps recited in claim 1 of the '740 patent and that comprises 0.15 wt % or less of Impurity 5.

125. On information and belief, if Aurobindo markets its ANDA Product, Aurobindo will, through the manufacture, use, importation, offer for sale, and/or sale of Aurobindo's ANDA Product, directly infringe at least one claim of the '740 patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

126. On information and belief, Aurobindo will, through the use, importation, offer for sale, and/or sale of Aurobindo's API, directly infringe at least one claim of the '740 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

127. If Aurobindo's marketing and sale of Aurobindo's ANDA Product prior to the expiration of the '740 patent is not enjoined, Vanda will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT IX
### (Infringement of U.S. Patent No. 12,049,457)

128. Vanda realleges and incorporates by reference the allegations contained in the preceding paragraphs as though set forth fully herein.

129. On information and belief, Aurobindo has infringed the '457 patent, pursuant to 35 U.S.C. § 271(e)(2), including at least claim 1, by submitting Aurobindo's ANDA, by which Aurobindo seeks approval from the FDA to engage in the commercial manufacture, use, offer for sale, sale, or importation in the United States of Aurobindo's ANDA Product prior to the expiration of the '457 patent. On information and belief, Aurobindo's ANDA Product is a composition

comprising tasimelteon that is prepared by the process steps recited in claim 1 of the '457 patent and that is substantially free of Impurity 5.

130.    On information and belief, if Aurobindo markets its ANDA Product, Aurobindo will, through the manufacture, use, importation, offer for sale, and/or sale of Aurobindo's ANDA Product, directly infringe at least one claim of the '457 patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

131.    On information and belief, Aurobindo will, through the use, importation, offer for sale, and/or sale of Aurobindo's API, directly infringe at least one claim of the '457 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

132.    If Aurobindo's marketing and sale of Aurobindo's ANDA Product prior to the expiration of the '457 patent is not enjoined, Vanda will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Vanda respectfully requests that the Court enter judgment in its favor against Aurobindo on the patent infringement claims set forth above and respectfully requests that this Court:

a. enter judgment that, under 35 U.S.C. § 271(e)(2), Aurobindo has infringed at least one claim of each of the Asserted Patents by submitting or causing to be submitted Aurobindo's ANDA to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Aurobindo's ANDA Product before the expiration of each of the Asserted Patents;

25

b.  enter judgment that, under 35 U.S.C. § 271(a), the use of Aurobindo's ANDA Product in the United States before the expiration of each of the Asserted Patents will directly infringe at least one claim of each of the Asserted Patents;

c.  enter judgment that, under 35 U.S.C. § 271(b) Aurobindo has induced or will induce the infringement of at least one claim of each of the Asserted Patents by promoting Aurobindo's ANDA Product for others' use or by offering to sell or selling Aurobindo's ANDA Product in the United States before the expiration of each of the Asserted Patents;

d.  enter judgment that, under 35 U.S.C. § 271(c) Aurobindo has contributed to or will contribute to the infringement of at least one claim of each of the Asserted Patents by promoting Aurobindo's ANDA Product for others' use or by offering to sell or selling Aurobindo's ANDA Product in the United States before the expiration of each of the Asserted Patents;

e.  order that the effective date of any approval by the FDA of Aurobindo's ANDA Product be a date that is not earlier than the expiration of the last expiring Asserted Patent(s), or such later date as the Court may determine consistent with 35 U.S.C. § 271(e)(4)(A);

f.  enjoin Aurobindo and all persons acting in concert with Aurobindo from maintaining approval of Aurobindo's ANDA, or contributing to or inducing anyone to do the same, until expiration of each of the Asserted Patents;

g.  enjoin Aurobindo and all persons acting in concert with Aurobindo from the commercial manufacture, use, import, offer for sale, and/or sale of Aurobindo's ANDA Product, or contributing to or inducing anyone to do the same, until

26

expiration of each of the Asserted Patents or such later date as the Court may determine;

h. enjoin Aurobindo and all persons acting in concert with Aurobindo from infringing each of the Asserted Patents, or contributing to or inducing anyone to do the same, including the manufacture, use, offer for sale, sale, distribution, or importation of any current or future versions of the product described in Aurobindo's ANDA while the litigation is pending;

i. award monetary damages under 35 U.S.C. §§ 271(e)(4)(C) and 284, to the extent applicable;

j. declare this to be an exceptional case under 35 U.S.C. § 285 and award Vanda costs, expenses, and disbursements in this action, including reasonable attorney's fees;

k. assess pre-judgment and post-judgment interest and costs against Aurobindo, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284; and

l. award Vanda such further and additional relief as this Court deems just and proper.

Dated: May 14, 2026

OF COUNSEL:

Paul W. Hughes
Sarah P. Hogarth
MCDERMOTT WILL & SCHULTE LLP
500 North Capitol Street NW
Washington, DC 20001
(202) 756-8000

Jason A. Leonard
MCDERMOTT WILL & SCHULTE LLP
One Vanderbilt Avenue
New York, NY 10017-3852
(212) 547-5400

MCCARTER & ENGLISH, LLP

/s/  Daniel M. Silver
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
405 N. King St., 8th Floor
Wilmington, DE 19801
(302) 984-6331
dsilver@mccarter.com
ajoyce@mccarter.com

*Counsel for Plaintiff*
*Vanda Pharmaceuticals Inc.*

28